AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| Jason Schmidt, et. al. | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Ford Motor Company | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Ford Motor Company
c/o CT Corporation
1515 Market Street, Ste. 1210
Philadelphia, PA 19102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Larry E. Coben, Esquire
Sol H. Weiss, Esquire
Julie P. Thompson, Esquire
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□  I returned the summons unexecuted because _____ ; or

□  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| Jason Schmidt, et. al. | ) |
| ————————————————— | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Ford Motor Company | ) |
| ————————————————— | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Ford Motor Company
The American Road
Dearborn, Michigan  48121

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Larry E. Coben, Esquire
Sol H. Weiss, Esquire
Julie P. Thompson, Esquire
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                              *Server's signature*

                                         _____
                                                              *Printed name and title*

                                         _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jason Schmidt, et. al.

**DEFENDANTS**
Ford Motor Company

**(b)** County of Residence of First Listed Plaintiff   Colmar, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Michigan
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Larry E. Coben, Sol H. Weiss, Julie P. Thompson
ANAPOL SCHWARTZ
1710 Spruce Street, Philadelphia, PA 19103 Telephone: 215-735-1130

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Med. Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §1332 (d) and 28 USC §1391

Brief description of cause:
breach exp warranty, breach imp warranty, fraud, viol of cons prot statutes, neg misrep, unjust enrich, injunct relief

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE   12/27/12

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to  suits under 28 U.S.C. 1331, where jurisdicti on arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district court under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Jason Schmidt, et. al.                    :          CIVIL ACTION
                                          :
                      v.                  :
                                          :
Ford Motor Company                        :          NO.
                                          :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (XX)

| | | |
|---|---|---|
| 12/27/12 | Larry E. Coben<br>Sol H. Weiss<br>Julie P. Thompson | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | lcoben@anapolschwartz.com<br>sweiss@anapolschwartz.com |
| 215-735-1130 | 215-790-4554 | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Jason Schmidt, et. al. - Colmar, PA

Address of Defendant: Ford Motor Company - Dearborn, Michigan

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?    Yes☐ No☒

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B.** *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Julie P. Thompson, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 12/27/12    _____    91418

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/27/12    _____    91418

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  Jason Schmidt, et. al. - Colmar, PA

Address of Defendant:  Ford Motor Company - Dearborn, Michigan

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                    Yes☐  No☐
*RELATED CASE, IF ANY:*
Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?         Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?         Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?         Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?         Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,  Julie P. Thompson  , counsel of record do hereby certify:

  ☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☒ Relief other than monetary damages is sought.

DATE: 12/27/12       _____      91418
                           Attorney-at-Law             Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/27/12       _____      91418
                           Attorney-at-Law             Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON SCHMIDT, FRANK KURIAN, LEE PULLEN, VICTOR ROSE and his wife, KEESHA ROSE and NICHOLAS SCHMIDT, on behalf of themselves and all others similarly situated,** | **COMPLAINT** |
| **PLAINTIFFS,** | **CIVIL ACTION NO.** |
| **V.** | |
| **FORD MOTOR COMPANY** | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

### CIVIL ACTION COMPLAINT

Plaintiffs, Jason Schmidt, Frank Kurian, Lee Pullen, Victor Rose and his wife, Keesha Rose, and Nicholas Schmidt, on behalf of themselves and all others similarly situated, file this Civil Action Complaint against Defendant, Ford Motor Company (known hereafter as "Ford"), and allege as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks recovery for a national class of consumers, as well as certain statewide class action consumers, who seek relief for breach of express warranty, breach of implied warranty, common law fraud and/or violations of relevant state consumer protection statutes, negligent misrepresentation, unjust enrichment, as well as injunctive relief.

## FACTS

2.   Based upon information and belief, between 2004 and 2008, the Defendant manufactured, assembled and marketed a host of products containing latent defects as described herein.

3.   Since calendar year 2005 and up until 2012, the Defendant has been aware of consumer complaints regarding a Class of Vehicles (equipped with the 5.4L engine) identified and described more fully below.  These complaints have been made directly to Defendant and/or submitted to the National Highway Traffic Safety Administration ("NHTSA"), Office of Defect Investigation.

4.   The Class of Vehicles described herein suffered from defects in design and/or manufacture, which has led to the following performance and safety issues: acceleration hesitation, loss of revolutions per minute ("RPM"), stalling, loss of power (including loss of power at high rates of speed), sudden and intermittent deceleration and other similar and potentially life-threatening malfunctions (hereinafter referred to as "Engine Problems").

5.   The aforementioned Engine Problems are the result of defects in the following vehicle systems and components: the Powertrain Control Module (PCM), the Transmission Control Module (TCM), the Electronic Throttle Control (ETC) and/or the Throttle Body Assembly.

6.   In August 2008, as proof of knowledge of the Engine Problems, Defendant issued a Technical Service Bulletin ("TSB") to notify its dealership network (and others in the service and repair industry) of the procedures necessary to rectify the defects.

7.    Although Defendant recognized in 2008 that many of its vehicles contained Engine Problems, it actively concealed from the public, and the owners of this Class of Vehicles, the need to perform certain services and/or repairs to remedy these defective and potentially life threatening conditions.

8.    Defendant chose not to inform its dealership network, or others who received the TSB, that the aforementioned Engine Problems were under Express Warranty, which the defendant was under a contractual duty to service and/or repair. Concealment of these Engine Problems was orchestrated to minimize and/or avoid the defendant's contractual responsibility to the Plaintiff class of owners.

9.    The applicable express warranty related to the Class of Vehicles and Engine Problems at issue is 8-years or 80,000 miles, whichever occurs first.[1]

10.    The Engine Problems in this case did not arise in the named Plaintiffs' vehicles until 2012, at which time the breach of warranty was discovered and realized.

11.    Plaintiff, Jason Schmidt, is the owner of a 2005 Ford Expedition (VIN: 1FMFU185X5LA86343).

12.    Plaintiff, Jason Schmidt's vehicle was sold and distributed by Ford Motor Company less than 8 years ago.  The vehicle currently has less than 80,000 miles on the odometer.

13.    At all times, Plaintiff, Jason Schmidt, used the vehicle as intended and in a reasonable and ordinary manner, foreseeable by Defendant.

---

[1] Ford 2004-2008 Model Years  Warranty Guide.

14.     Plaintiff, Jason Schmidt, suffered a loss of vehicle power on or about September 24, 2012. At that time, his power steering and brakes stopped working. He was traveling down the road at approximately 50 miles per hour when this incident occurred.  Mr. Schmidt found it necessary to cut across two lanes of traffic, before safely coming to a stop on the shoulder.

15.     Plaintiff, Jason Schmidt had his local Ford dealer inspect his vehicle.  Plaintiff was informed that the throttle body component of the PCM needed to be replaced.  The Ford dealer informed Plaintiff that there were no applicable warranties to cover the cost of the repair. Plaintiff paid $683.33 out of pocket to repair his vehicle.

16.     Based upon information and belief, Plaintiff, Frank Kurian, owns a vehicle which contains the latent Engine Problems described herein.

17.     Based upon information and belief, Plaintiff, Lee Pullen, owns a vehicle which contains the latent Engine Problems described herein.

18.     Based upon information and belief, Plaintiffs, Victor and Keesha Rose, own a vehicle which contains the latent Engine Problems described herein. The performance defects have materialized and caused loss of power and potential safety issues during the operation of their vehicle.

19.     Based upon information and belief, Plaintiff, Nicolas Schmidt, owns a vehicle which contains the latent Engine Problems described herein.

## PARTIES

20.    Plaintiff, Jason Schmidt, is an individual residing in Colmar, PA.  Mr. Schmidt is the owner of a 2005 Ford Expedition (Engine Size 5.4 Liter V8).  The vehicle was purchased used in 2012 and has approximately 66,000 miles on the odometer.

21.    Plaintiff, Frank Kurian, is an individual residing in Bloomsburg, PA.  Mr. Kurian is the owner of a 2005 Ford F-150 (Engine Size 5.4 Liter V8).  The vehicle was purchased used in 2012 and has approximately 125,000 miles on the odometer. Plaintiff Kurian does not seek recovery for the breach of express warranties described herein. Mr. Kurian seeks recovery via all other causes of action.

22.    Plaintiff, Lee Pullen, is an individual residing in Santa Margarita, CA.  Mr. Pullen is the owner of a 2005 Ford Expedition (Engine Size 5.4 Liter V8).  The vehicle was purchased in 2009 and has approximately 50,600 miles on the odometer.

23.    Plaintiffs, Victor and Keesha Rose, are individuals residing in Lewisville, AR.  Mr. and Mrs. Rose are the owners of a 2005 Ford Expedition (Engine Size 5.4 Liter).  The vehicle was purchased used on or about January 2008 and has approximately 94,000 miles on the odometer. Plaintiffs Victor and Keesha Rose do not seek recovery for the breach of express warranties described herein. They seek recovery via all other causes of action.

24.    Plaintiff, Nicholas Schmidt, is an individual residing in Sewell, NJ.  Mr. Schmidt is the owner of a 2004 Lincoln Navigator (Engine Size 5.4 Liter V8).  The vehicle was purchased used in 2007 and has approximately 65,900 miles on the odometer.

25.     Defendant, Ford Motor Company ("Ford") is a corporation organized and existing under the laws of the State of Delaware.  Its principal place of business is located in Dearborn, Michigan. The defendant conducts continuous and substantial business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act (CAFA). There are more than one-hundred class members, there are members of the putative class who are citizens of states different from that of Defendant and the aggregate of the class members' claims is more than $5 million dollars pursuant to 28 U.S.C. § 1332(d).

27.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and/or omissions giving rise to the claims emanated from activities within this jurisdiction and Defendant conducts substantial business in this jurisdiction.

## CLASS ACTION ALLEGATIONS

28.     The Plaintiffs incorporate by reference the aforementioned paragraphs of the Complaint as if they were fully incorporated herein.

29.     This action seeks Certification of a nationwide class based upon breach of express warranties. All of the defined class members have Ford products which have common and defective components that require the same inspection, service and repair.

6

Therefore, Certification under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) applies. The class is defined as follows:

> *"Current owners of all 2004 through 2008 Ford passenger car and light truck vehicles sold in the United States and equipped with a 5.4 L engine and which include the original Powertrain Control Module (PCM), the Transmission Control Module (TCM), the Electronic Throttle Control (ETC) and/or the Throttle Body Assembly. The class of vehicles is limited to those delivered within 8 years and having less than 80,000 miles."*

The Class is further defined as ***excluding*** the following:

> *"Current and former owners of all Ford passenger car and light truck vehicles with a 5.4 L engine that were equipped with and have--at Ford's expense--had the original Powertrain Control Module (PCM), the Transmission Control Module (TCM), the Electronic Throttle Control (ETC) and/or the Throttle Body Assembly recalibrated and/or replaced."*

30.     This action seeks Certification of certain statewide causes of action based upon the breach of statutory and common law causes of action described below (Counts II and III). The statewide class actions include the representative plaintiffs residing in New Jersey (Nicholas Schmidt), Pennsylvania (Jason Schmidt and Frank Kurian), California (Lee Pullen) and Arkansas (Victor and Keesha Rose) who bring this action pursuant to the law of their respective states. All of the defined class members have Ford products which have common and defective components that require the same inspection, service and repair. Therefore, Certification of statewide class members under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) applies.

31.   A.   <u>The requirements of Federal Rules of Civil Procedure 23(a) and 23(b), are met</u>
          <u>because:</u>

    a.   Plaintiffs estimate that the proposed class consists of not less than several hundred thousand members throughout the United States, and joinder of all members in this action is impracticable;

    b.   There are questions of law and fact common to the class;

    c.   The common questions predominate over any questions affecting only individual members;

    d.   The named Plaintiffs are adequate representatives of the class. The claims of the Plaintiffs as class representative are typical of those of the class members in that they have suffered and/or own vehicles with the same defect as exists in the vehicles owned by other members of the class.  The class representatives will vigorously pursue the claims on behalf of the class, and will fairly and adequately protect the interests of the class.   Plaintiffs' counsel is experienced and professionally able to properly represent the class;

    e.   The claims of the representative party are typical of the claims of each member of the class, and are based on or arise out of similar facts constituting the wrongful conduct of the Defendant; and

    f.   A class action is far superior to any other available method for the fair and efficient adjudication of this controversy.

B.   Prerequisites to a Class Action – Federal Rule of Civil Procedure 23(a).  The prerequisites to maintaining this action as a class action are satisfied in this case as alleged below:

a.   Numerosity – On information and belief, there are several hundred thousand owners of the Class of Vehicles who have in the past suffered damages as described herein, or who will in the foreseeable future, suffer the defects as described herein.  Although the exact number of such vehicle owners is unknown to Plaintiffs at this time, discovery should lead to information on the identities and location of many such parties.   Plaintiffs reserve the right to amend their allegations following completion of discovery.   Given the scope of the Defendant's business activities, it is clear that the members of the Class are so numerous that joinder is impracticable and the disposition of their claims in a Class action will provide substantial benefits to the parties and the Court.

b.   Commonality – Since Plaintiffs and other members of the Class all own or owned a vehicle in the Class of Vehicles, there are questions of law and fact common to the Class.   Such common questions of law and fact predominate over any individual questions affecting Class members.

c.   Typicality – Named Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. The named Plaintiffs' claims are typical of the claims of all class members because:  the claims originate from the same practices on the part of Defendant and its acts in furtherance thereof.

9

d. <u>Adequacy of Representation</u> – Plaintiffs' claims are aligned with the interests of the absent members of the Class such that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in the prosecution and successful resolution of complex and class action litigation. Plaintiff will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class. Plaintiffs' interests are antagonistic to the interests of the Defendant and Plaintiffs will vigorously pursue the claims of the Class.

e. <u>Class Actions Maintainable</u> – Federal Rule of Civil Procedure 23(b)(3). Class action status is also appropriate because the common questions of law and fact identified above predominate over questions affecting only individual members. A Class action is superior to other available methods for the fair and efficient adjudication of this litigation. It is desirable to concentrate the litigation of the claims in this District. Plaintiffs and their counsel do not anticipate encountering any unique difficulties in the management of this action as a class action.

**COUNT I**
**BREACH OF EXPRESS WARRANTY**
**[Nationwide Class Action]**

32. Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

33. At the time each and every model vehicle was delivered to the original purchaser as a new vehicle, it contained Emissions Defect Warranties and Emission Performance Warranties,

10

which cover various systems and parts. These Express Warranties apply to the Class of Vehicles and were expressly extended to each and every owner of said vehicle during the term of these warranties.

34.     The express warranties at issue include, depending upon the defect, all required service, repairs and replacements at no cost to the owner.

35.     The relevant express warranty coverage period for the applicable vehicles referenced herein is 8 years or 80,000 miles, whichever occurs first.

36.     The defects at issue in this case were discovered and/or became known to Plaintiffs within the applicable coverage period.

37.     The systems or components within each system that are defective, and which constitute a breach of the Express Warranties, include: the Powertrain Control Module (PCM), the Transmission Control Module (TCM), the Electronic Throttle Control (ETC) and/or the Throttle Body Assembly.

38.     As a result of the defects in one or more of these systems and/or parts, the vehicles at issue have experienced difficulty starting, acceleration hesitation, loss of RPM, stalling, loss of power (including loss of power at high rates of speed), sudden and intermittent deceleration, and other similar operational malfunctions--which pose a danger to the operator, passengers and other motorists in close proximity when the failure occurs.

39.     As a result of these defects, Plaintiffs seeking to recover for these breach of warranties include: (a) those current owners of the identified vehicles who have either been required to have their vehicles serviced or repaired at their expense because neither the defendant nor its agents

11

informed these parties that repairs and replacement of parts were covered by the Express Warranties, or (b) those current owners whose vehicles require service, repair and replacement of parts to assure them and their passengers that the vehicle will not fail during use because of the aforementioned defects and breach of warranty.

40.    As a direct and proximate result of Defendant's breach of express warranty, Plaintiffs have suffered actual damages, or will suffer damages in the foreseeable future, including loss of the use of their vehicles, repair and replacement expenses and/or substantial diminution in fair market value of their vehicles.

WHEREFORE, Plaintiffs hereby demand from Defendant an amount to be determined at trial, plus interest and costs.

## COUNT II
## BREACH OF IMPLIED WARRANTY
### [Statewide Class Action]

41.    Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

42.    Defendant impliedly warranted to Plaintiffs that their vehicles, as sold, were safe for future use.

43.    The Class of Vehicles in question contains latent defects which have recently, during their ordinary and anticipated performance, caused unsafe conditions to arise.

44.    The failure of this Class of Vehicles to safely perform has been recently discovered by these plaintiffs, thereby providing them with notice of the aforementioned defects and breach of implied warranty for future safe performance.

45.    As a direct and proximate result of Defendant's breach of implied warranty, Plaintiffs have suffered actual damages, or will suffer damages in the foreseeable future, including loss of the use of their vehicles, repair and replacement expenses.

46.    Defendant intentionally concealed the defective nature of the Class of Vehicles from the plaintiffs.  Furthermore, the defective nature of the Class of Vehicles could not have been discovered by the exercise of due diligence and reasonable care.

WHEREFORE, Plaintiffs hereby demand from Defendant an amount to be determined at trial, plus interest and costs.

**COUNT III**
**COMMON LAW FRAUD AND VIOLATIONS OF**
**STATES' CONSUMER PROTECTION STATUTES**
**[Statewide Class Action]**

47.    Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

48.    During the calendar years 2005 through 2012, the defendant learned of hundreds of customer complaints regarding the poor performance of the Class of Vehicles identified herein, including specifically, complaints of acceleration hesitation, loss of RPM, stalling, loss of power, sudden and intermittent deceleration, and other similar operational malfunctions. These complaints were made directly to the defendant and/or submitted to the National Highway Traffic Safety Administration, Office of Defect Investigation.

49.    During the calendar year 2008, the defendant, with knowledge that its vehicles equipped with a 5.4L engine were experiencing or could experience sudden acceleration hesitation, loss of RPM, stalling, loss of power, or sudden and intermittent deceleration, issued a TSB to notify its

dealership network (and others in the service and repair business) of the necessary service procedures required to rectify these symptoms and complaints.

50.    While the defendant was fully aware by calendar year 2008 of the aforementioned defects causing the malfunction of vehicles equipped with the aforementioned engine, Defendant engaged in unconscionable commercial practices, deception, fraud, or knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment, suppression, or omission.

51.    While the defendant was fully aware by calendar year 2008 that the vehicle models in question and/or the component parts at issue were defective and that, therefore, a breach of the aforementioned warranties had materialized, the defendant failed to notify each and every owner/class member of these breach of warranties and/or it concealed this information from those consumers that the defendant knew relied upon the defendant to provide notice of such defects.

52.    In an effort to avoid liability for the breach of the aforementioned express warranties, the defendant hid from the public and the plaintiffs its knowledge of the defects in question with the intent of avoiding liability for the breach of warranties.

53.    Defendant's intentional issuance of a TSB in 2008 constituted a blatant attempt to avoid its responsibility to notify all Plaintiffs of the defects and breach of express warranty.

54.    The defendant knowingly concealed the defects in the Class of Vehicles from all Plaintiffs, with the intent of avoiding financial responsibility to service, repair and/or replace pertinent components.

14

55.    As part of its on-going intent to conceal the defects in question, the defendant has refused to honor or notify dealers of the existent breach of warranties, causing owners to have to pay for the repairs necessitated by these defects.

56.    The defendant affirmatively acted to conceal the defects at issue and intentionally failed to disclose the defects to Plaintiffs. This misconduct arose by Defendant's silence as well as its advice to its dealership network that the repairs and/or replacements required were not covered by the warranties issued with each vehicle.

57.    (a)    Defendant made a false representation or knowing omission of a presently existing or past fact;

(b)    Defendant knew its representation or omission was false or incomplete;

(c)    Defendant intended for Plaintiffs to rely on the representation or omission;

(d)    Plaintiffs reasonably relied on Defendant's misrepresentation or omission;

(e)    Defendant had an obligation to disclose the omitted information; and

(f)    As a result, Plaintiffs have been harmed.

58.    Each state's consumer protection statutes have been violated by Defendant based on the foregoing behavior, including but not limited to; deceptive practices, unconscionable commercial behavior, fraudulent activities, misrepresenting the standard/quality/grade of a product, concealment and so forth.

WHEREFORE, Plaintiffs hereby demand damages from Defendant in an amount to be determined at trail, plus interest and costs.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### [Nationwide Class Action]

59.     Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

60.     Defendant and/or its dealership network representatives have routinely misrepresented the true facts of the cause for the symptoms referenced above and, in doing so; it has denied warranty claims alleging that the referenced malfunctions are not related to systems or parts subject to warranties.

61.     Defendant has omitted factual information and intentionally withheld advising the Plaintiffs that their vehicles contain a defect in the PCM, ETC and/or Throttle Body Control which constitutes a negligent misrepresentation.

62.     The defendant's omissions and misrepresentations were intended to circumvent its obligation to honor the warranties issued with each vehicle sold.

WHEREFORE, Plaintiffs hereby demand from Defendant an amount to be determined at trial, plus interest and costs.

## COUNT V
## UNJUST ENRICHMENT
## [Nationwide Class Action]

63.     Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

64.     Defendant manufactured and sold the Class of Vehicles with the defects as described herein.

65.     Defendant had actual knowledge of the defects beginning in 2005 when consumers began lodging complaints with Defendant and/or the National Highway Traffic Safety Administration, Office of Defect Investigation.

66.     Despite its knowledge, Defendant failed to disclose the existence of the defects and/or breach of express warranties to the plaintiffs when they had their defective vehicles repaired.

67.     In this Count, recovery is sought by the Plaintiffs who have paid for the repair of these defective components, and have therefore conferred a benefit upon Defendant, without knowledge of the defective components of their vehicles.

68.     Defendant accepted and retained the benefit conferred by Plaintiffs, despite their knowledge of the defects and their knowledge of their violation of the express warranties of these vehicles.

69.     Retaining the non-gratuitous benefits conferred upon Defendant was unjust and inequitable.   Therefore, Defendant is liable for the payment of restitution of the benefits it retained.

WHEREFORE, Plaintiffs hereby demand from Defendant an amount to be determined at trial, plus interest and costs.

## COUNT VI
## INJUNCTIVE RELIEF
### [Nationwide Class Action]

70.     Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

71.     Plaintiffs seek injunctive relief, requiring Defendant to do as follows:

(1) Notify all members of the putative class of the aforementioned defects;

(2) Institute a comprehensive recall and/or repair of the Class of Vehicles;

(3) Inspect all Class of Vehicles currently owned or leased by members of the putative class to determine the nature and extent of the defects and necessary repairs for each vehicle inspected;

(4) Fully and properly repair all Class of Vehicles, as required, at Defendant's full expense; and

(5) Take all necessary steps to modify the design, manufacture, and quality control for the Class of Vehicles, to prevent the aforesaid defects from arising in any future Class of Vehicles.

72.     Plaintiffs are reasonably likely to prevail in this litigation, particularly in light of the fact that most of their vehicles are still covered under the express warranties.

73.     Plaintiffs are likely to suffer irreparable harm without the requested relief.   When the defects arise, the Class of Vehicles becomes completely inoperable and unsafe.

74.     The requested relief would not harm the defendant more than denial would harm the plaintiffs.   The cost of each repair is *de minimus* when compared to the potential harm to Plaintiffs, putative class members and the public.

75.     Granting this injunctive relief serves the public interest in not having dangerous and defective vehicles, capable of losing power, brakes and steering capabilities, careening out of control on the streets.

WHEREFORE, Plaintiffs hereby demand from Defendant an amount to be determined at trial, plus interest and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.  Out of pocket expenditures related to the costs to replace/repair the defects;

B.  Diminution in value of the Class of Vehicles attributable to the defects;

C.  For punitive and exemplary damages, where applicable;

D.  For all applicable statutory damages under each states' consumer protection laws;

E.  Injunctive relief – recall, repair and/or replace the defective parts;

F.  For an award of attorneys' fees and costs;

G.  An award of prejudgment interest and costs of suit; and

H.  An award of such other and further relief as the Court deems just and proper.

**JURY DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury.

Larry E. Coben, Esquire (I.D. 17523)
Sol H. Weiss, Esquire (I.D. 15925)
Julie P. Thompson, Esquire (I.D. 91418)
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 735-1130 Telephone
*Attorneys for Plaintiffs*

21

## <u>CERTIFICATE OF SERVICE</u>

I, Julie P. Thompson, Esquire, hereby certify that on this 27th day of December, 2012, the foregoing *Civil Action Complaint* was filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania.  I hereby certify that a true and correct copy of same was served upon Defendant at the following addresses, in the manner described:

Ford Motor Company
**c/o CT Corporation**
1515 Market Street
Suite 1210
Philadelphia, PA  19102
Telephone: 215-399-9441
*Hand Delivery*


**Ford Motor Company**
A Delaware Corporation
The American Road
Dearborn, Michigan  48121
*First-Class Regular Mail*

Dated: December 27, 2012

Larry E. Coben, Esquire (I.D. 17523)
Sol H. Weiss, Esquire (I.D. 15925)
Julie P. Thompson, Esquire (I.D. 91418)
ANAPOL SCHWARTZ
1710 Spruce Street
Philadelphia, Pennsylvania 19103
(215) 735-1130 Telephone
*Attorneys for Plaintiffs*